UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHARON D. MCGHEE,

        Defendant.
_____/

Case No. 07-12176

District Judge Bernard A. Friedman

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

This is a student loan case. Before the Court is Defendant Sharon McGhee's Request for a Hearing on Garnishment (Objections to Garnishment) [Docket #11]. Argument on Plaintiff's request was scheduled for November 15, 2007, at 10:00 a.m. Counsel for Plaintiff was present, but Defendant did not appear, either personally or through counsel.

For the two reasons set forth below, I recommend that Defendant's objections to the garnishment be DENIED.[1]

On August 8, 2007, default judgment was entered against Defendant in the amount of $7465.13, plus post-judgment interest [Docket #6]. The judgment has not been paid.

---

[1] Post-judgment objections to garnishment, as well as requests to set aside default judgment, are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

On September 13, 2007, the Court entered a writ of continuing garnishment as to Defendant Sharon McGhee and garnishee Michigan Department of Treasury [Docket #10]. Defendant filed her Request for Hearing on October 2, 2007 [Docket #11].

In her Request, Defendant states that she does not have the money to pay the judgment, but has offered to make payments of $20 to $25 per month.[2]

There are two reasons Defendant's request/objections to garnishment should be denied. First, Plaintiff states that as of this date, the Department of Treasury holds no funds on Defendant's behalf, making any claim for exemptions moot.

Secondly, while the Court is not unsympathetic to Ms. McGhee's financial plight, poverty does not constitute a defense to a writ of garnishment. Further, Defendant has not set forth any basis, under either Michigan or federal law, from which this Court could conclude that the property in issue is exempt from garnishment.

Accordingly, I recommend that Defendant's Request for Hearing / Objection to Writ of Garnishment be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

---

[2] At the hearing, counsel for Plaintiff did indicate that her client was willing to accept reduced payments of $25 per month, and has sent the appropriate agreement and request for financial information to the Plaintiff.

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: November 15, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 15, 2007.

S/Gina Wilson
Judicial Assistant